UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 4:23-CR-34 |
| | ) | |
| WESLEY ROSENBERG | ) | |
| | ) | |

## PLEA AGREEMENT

Defendant Wesley Rosenberg, represented by Defendant's counsel Katie A. Brewington, and the United States of America, represented by Assistant United States Attorney Darron J. Hubbard, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 922(a)(1), Engaging in the Business Without a License (Firearms).

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count One are (1) the defendant engaged in the business of dealing in firearms; (2) the defendant did not have a federal license; and (3) the defendant acted willfully.

Defendant agrees that the Defendant is, in fact, guilty of this offense. The Defendant agrees to the accuracy of the following facts, which satisfy each of the

1

Defendant's Initials: _WR_

offense's required elements: between July 17, 2021, and January 20, 2022, the defendant never obtained or held a federal license to deal firearms. During that time, the defendant owned and operated a Facebook Marketplace page, which is a platform for making online sales of goods. The defendant operated this page as a business, with the intent to make a profit and to supplement his income. The Marketplace page was in the defendant's own name, used the defendant's personal data, and the defendant is the only person to have operated the page during this timeframe.

During the charged period, the defendant used Facebook Marketplace to drop-ship items, primarily sourcing them from companies in China. Drop-shipping is a method in which a vendor does not keep items in stock but instead, upon receiving an order from a customer, directs another company to ship items directly to the buyer. One of the main items that the defendant routinely sold using this method were firearm silencers.

The defendant marketed these silencers primarily as "Solvent Traps." However, the defendant knew that these items were designed not for use in cleaning firearms, but for diminishing the sound of a firearm's report when fired. This was evidenced by the answers he gave to potential customers. For example, on or about October 14, 2021, the defendant told a potential customer, "Depends on what ammo you'll use too. Will still crack but won't be anywhere near as loud," and further discussed not having to use muffs while hunting. On or about September 4, 2021, another customer sent him a message saying, "works perfectly but is quite loud," to which the defendant replied, "maybe use subsonic. Regardless of what's attached, if

2

Defendant's Initials: ___

the projectile is moving faster than the speed of sound, then it will be loud and that's with any device."

During the charged period, the defendant made between 25-99 sales of these silencers.  On two occasions, the defendant communicated with and sold to an undercover agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives.  One of those silencers was later analyzed by an expert with that agency, who found: (1) the item was consistent with the design and construction of a firearm silencer, and (2) the item reduced decibel levels when a round was fired through it. The other item purchased by the undercover agent had a nearly identical build to that of the tested silencer.

The defendant admits that during the charged time period, he was engaged in the business of dealing in firearms; he did not have a federal license to deal in firearms; and that he acted willfully in doing so.

3.    Possible Sentence

Defendant's guilty plea will subject the Defendant to the following maximum possible sentence:  5 years of imprisonment, 3 years of supervised release, a $250,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets.  The Court additionally must impose a $100 special assessment per count of conviction.

4.    No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range.  The Court is not bound by any

3

Defendant's Initials: _WC_

estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw Defendant's plea of guilty if the Defendant receives a more severe sentence than the Defendant expects.

5.    Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6.    Agreements Regarding Sentencing Guidelines

a.    Use of Information

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

4

Defendant's Initials: _____

b.    Acceptance of Responsibility

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of the Defendant's intention to enter a guilty plea.

7.    Dismissal of Other Counts

At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

8.    Cooperation

a.    Complete and Truthful Cooperation

This agreement does not require the defendant to cooperate.  If the defendant chooses to cooperate, Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in Defendant's Indictment and any related offenses. Defendant shall fully and truthfully disclose Defendant's knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person.  Defendant's benefits under this agreement are conditioned only on Defendant's cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

5

Defendant's Initials: ___

b.    Motion for Reduction in Sentence Based on Cooperation

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence.  If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced.  The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

9.    Abandonment of Property

Defendant waives and abandons Defendant's interest in any property that may have been seized in connection with this case, including but not limited to a Black Glock Switch.

10.    Financial Obligations and Agreements

a.    Special Assessment

Defendant agrees to pay a special assessment in the amount of $100 payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

b.    Required Financial Disclosures

Within 14 days of the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all Defendant's assets and financial interests, whether held directly or indirectly, solely or jointly, in Defendant's name or in the name of another.  Defendant shall sign the financial disclosure form under

6

Defendant's Initials: _____

penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

    c.    <u>Financial Examination</u>

Defendant will submit to an examination under oath on the issue of Defendant's financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

    d.    <u>No Transfer of Assets</u>

Defendant certifies that Defendant has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon Defendant by the Court at sentencing. Defendant promises that Defendant will make no such transfers in the future.

    e.    <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

Defendant's Initials: _____

    f.     Enforcement

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

11.   Waivers

    a.     Waiver of Appeal

Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of Defendant's sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.

    b.     Waiver of Collateral Attack

Defendant entirely waives Defendant's right to collaterally attack Defendant's conviction and sentence on any ground and by any method, including but not limited

8

Defendant's Initials: ___WR___

to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

    c.    <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a Defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or Defendant's plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

12.    <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which Defendant will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist

9

Defendant's Initials: _____

in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

13.    Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that Defendant's attorney has represented Defendant faithfully, skillfully, and diligently, and Defendant is completely satisfied with the legal advice given and the work performed by Defendant's attorney.

14.    Breach of Plea Agreement

If Defendant fails to plead guilty, withdraws or attempts to withdraw Defendant's guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

{Signatures on Following Page}

10

Defendant's Initials: ____

15.   <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and

Defendant.


JILL E. STEINBERG
UNITED STATES ATTORNEY


09/22/2023
Date

E. Greg Gilluly, Jr.
Deputy Chief, Criminal Division


09/22/2023
Date

Darron J. Hubbard
IL Bar No. 6313078
Assistant United States Attorney


11

Defendant's Initials: _____

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

13 NOV 23
Date

_____
Wesley Rosenberg
Defendant

I have fully explained to Defendant all of Defendant's rights, and I have carefully reviewed each and every part of this agreement with Defendant. I believe that Defendant fully and completely understands it, and that Defendant's decision to enter into this agreement is an informed, intelligent, and voluntary one.

11-13-23
Date

_____
Katie A. Brewington
Defendant's Attorney

12

Defendant's Initials: ___